IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


F. ALLAN MIDYETT, M.D.                                    PLAINTIFF


V.                    NO. 14-5016


ROBERT LEVY, M.D., INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS CHAIRMAN,
PROFESSIONAL STANDARDS BOARD VA OF
THE OZARKS                                               DEFENDANT


## AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


Before the Court is Defendant's Amended Motion To Dismiss Complaint. **(Doc. 56)**. Plaintiff responded to the motion **(Doc. 59)**, and the matter is now ripe for report and recommendation.

**I.    PROCEDURAL BACKGROUND:**

**A.    Present Case (Midyett II):**

Plaintiff was employed as a radiologist at the Veterans Health Care System of the Ozarks on November 21, 2011, subject to a two year probationary period. (Doc. 1-15). Plaintiff was discharged from his employment on April 6, 2012, by letter dated March 19, 2012. (Doc. 1-15). Said letter indicated the reason for the separation and subsequent revocation of privileges resulted from "substandard care and that you cannot perform the full range of your position as Radiologist." (Doc. 1-15). The

-1-

letter continued to advise Plaintiff that he would receive information via a separate notice regarding his opportunity for a fair hearing and appeal to determine whether the reason(s) for the revocation of his privileges should be reported to the National Practitioner Data Bank (NPDB) in accordance with the VHA Handbook. (Doc. 1-15). Plaintiff in essence contends that the hearing process was conducted improperly and that his termination was unlawful.

On January 14, 2014, Plaintiff filed the present case, asserting claims against Defendant Robert Levy, in his individual and official capacity, as Chairman of the Professional Standards Board VA of the Ozarks (PSB), to "redress violations of 42 U.S.C. 11112,[1] 42 U.S.C. 2000e et seq., 29 U.S.C. § 621 et seq., 5 U.S.C. 7114(c)(3), 5 CFR § 2635.101, 5 CFR 735.203, 20 CFR 1614.101." (Doc. 1). Plaintiff asserts in paragraph 10 of the complaint that he is an "enrolled member of the Cherokee Nation of Oklahoma" as well as a "veteran of the Viet Nam Era" and is "over the age of 40 years." (Doc. 1 at p. 3). In paragraph 66 of the complaint, Plaintiff states that Defendant Levy acted to deprive Plaintiff, "a Native American male, over the age of 40 years of age, of his due process rights," and that Defendant violated the anti-retaliation

---

[1]42 U.S.C. § 1112 provides for Standards for Professional Review Actions under the Health Care Quality Improvement Act (HCQIA).

provision of the Age Discrimination in Employment Act, the anti-retaliation provision of Title VII, and violation of the anti-retaliation policy of the Department of Veterans Affairs. (Doc. 1 at p. 13). In paragraph 75, Plaintiff states that "Defendant Levy has not treated any non-Native American in the same or similar manner" and has not participated in any other Professional Standards Boards in which "any non-Native American physician was treated in this same or similar manner." (Doc. 1 at p. 15).

After reading the 77 paragraph complaint in its entirety, the Court believes, in summary, that Plaintiff is alleging that Defendant's actions violated his due process rights; Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Whistle-Blower Protection Act (WPA); the Notification and Federal Employee Anti-discrimination and Retaliation Act of 2002, 5 U.S.C. § 2301 (No FEAR Act); and 5 C.F.R. §2635.101 and 20 C.F.R. § 1614.101.[2] (Doc. 1). Plaintiff essentially contends that the hearing process was done improperly and his termination was wrongful. Plaintiff seeks damages, including punitive damages, attorneys fees, and injunctive relief.

**B.   Previous Case (Midyett I):**

On July 12, 2012, Plaintiff filed a Complaint in State

---

[2] The Court believes Plaintiff intended to refer to 29 C.F.R. § 1614.101, which is a regulation relating to equal employment opportunities.

-3-

Court against Defendant Robert Levy (**Midyett I**), asserting the following causes of action: defamation, slander, libel, tortious interference with business expectancies, harassment, and willful violation of public laws and policies, and asked for immediate injunctive relief to immediately halt the malicious acts which were causing irreparable harm as well as compensatory, consequential, and punitive damages. In addition, Plaintiff asserted violations by Defendant of the No FEAR Act and the WPA. There was also reference to a violation of the Family Medical Leave Act and the Master Agreement by and between the Department of Veterans Affairs and the American Federation of Government Employees for 2011. Plaintiff also made reference to discrimination based upon his status as a veteran. The essence of that Complaint was that the Chief of Radiology at the VA hospital, where Plaintiff was employed, mistreated Plaintiff in various ways after Plaintiff allegedly pointed out some radiology errors.  It also alleged that Dr. Levy, who served as Chairperson of the PSB, acted *in pari delicto* with the Chief of Radiology with regard to the Plaintiff's hearing before the PSB and the PSB's subsequent finding of substandard care by Plaintiff.  The case was removed to federal court, and on September 18, 2012, the district judge denied Plaintiff's motion for remand, and substituted the United States of America for Defendant Levy on all state tort claims, and dismissed the state

-4-

law tort claims with prejudice as to Defendant Levy, individually. On October 29, 2012, pursuant to Defendants' Motion to Dismiss All Claims Against Defendants Levy and the United States, the district judge found that no private right of action arises under the No FEAR Act; that claims under the WPA must be asserted within the framework of the Civil Service Reform Act (CSRA); that Plaintiff failed to exhaust administrative remedies on the state law tort claims; and that Plaintiff did not show factors needed to allow for injunctive relief. (No. 12-5184 at Doc. 36). The district judge granted the motion to dismiss all claims against Defendant Levy and against the United States.[3]

**II.   CONTENTIONS OF THE PARTIES:**

   **A.   Defendant's Contentions:**

      In his Amended Motion to Dismiss, Defendant argues that the facts and allegations in the case at bar involve the same alleged misconduct as set forth in the previously dismissed claims in <u>Midyett I</u>, and that pursuant to the doctrine of *res judicata*, Plaintiff's claims in the case at bar are barred because Plaintiff has either already raised such claims in

_____

[3]The Court notes that Plaintiff filed four other complaints involving the same underlying facts, in a case against John Henley, Chief of Staff at the VA Hospital, and the United States of America, Case No. 12-5183; a case against Robert Levy and the United States of America, Case No. 12-5184,; a case against the United States of America, Case No. 12-5187, and a case against Lisa Dahlgren, Medical Staff Coordinator, Case No. 12-5188. In all four cases, on October 29, 2012, the district judge entered Orders of dismissal.

-5-

<u>Midyett I</u> or had the opportunity to raise such claims. (Doc. 56).

In addition to *res judicata*, Defendant argues that: 1) 28 U.S.C. § 2676 bars this action because it bars a <u>Bivens</u> action that concerns the same subject matter as an FTCA claim upon which a judgment has been rendered; 2) that the No FEAR Act creates no substantive rights for the payment of damages; 3) that this Court has no jurisdiction over the WPA claims; and 4) that Plaintiff's constitutional claims against Dr. Levy must be dismissed because the Civil Service Reform Act (CSRA) and Title VII provide the exclusive remedies by which Plaintiff must redress his claims.

**B.  Plaintiff's Contentions:**

Plaintiff raises several arguments in his response, many of which are repetitive, confusing, or unclear. Nevertheless, it appears that Plaintiff basically argues that his constitutional rights were violated during the PSB hearing process where it was determined that Plaintiff's employment should be terminated.

**III.  STANDARD OF REVIEW:**

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009). "In order to meet this standard, and survive a motion to dismiss under

-6-

Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting from Ashcroft v. Iqbal, 556 U.S. 662 (2009). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594. "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting from Iqbal, 129 S.Ct. at 1950).

**IV.        RES JUDICATA:**

"Under res judicata 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008)(quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).

"To establish that a claim is barred by res judicata a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" Yankton Sioux Tribe, 533 F.3d at 639 (8th Cir. 2008); Magee v. Hamline University, No. 13-1164,

-7-

2014 WL 641486 at *5 (D. Minn., Feb. 19, 2014).

If the elements of res judicata are met, "the parties are
thereafter bound 'not only as to every matter which was
offered and received to sustain or defeat the claim or
demand, but as to any other admissible matter which might
have been offered for that purpose.'" <u>Lundquist v. Rice
Memorial Hosp.</u>, 238 F.3d 975, 977 (8th Cir. 2001)(quoting
<u>C.I.R. v. Sunnen</u>, 333 U..S. 591, 597, 68 S.Ct. 715, 92
L.Ed. 898 (1948).

<u>Id.</u>

**A.    Final Judgment on the Merits in <u>Midyett I</u>, Proper
Jurisdiction, and Same Parties:**

It is not disputed that the Order of the district judge in

<u>Midyett I</u> constituted a final judgment on the merits. "[A] Rule

12(b)(6) dismissal is a 'judgment on the merits' for res

judicata purposes unless the Plaintiff is granted leave to amend

or the dismissal is reversed on appeal." <u>Magee</u>, 2014 WL 641486

at *6.   In <u>Midyett I</u>, Plaintiff was not granted leave to amend

and the dismissal was not reversed on appeal. Further, it is not

disputed that <u>Midyett I</u> was based on proper jurisdiction or that

the same parties are involved in both actions.

**B.    <u>Midyett I</u> and <u>Midyett II</u> Involve the Same Claims or
Causes of Action:**

In determining whether two causes of action are the same

for *res judicata* purposes, the Eighth Circuit has held that a

claim is barred by *res judicata* if it "arises out of the same

nucleus of operative facts as the prior claim." <u>Magee</u>, 2014 WL

641486 at *5.   "Whether the legal theories asserted in the two

-8-

causes of actions differ is 'relatively insignificant because a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" Id. (quoting from Costner v. URS Consultants, Inc., 153 F.3d 667, 674 (8th Cir. 1998)(internal quotation marks omitted).

In Midyett I, Plaintiff's case was based upon the action of the PSB of which Dr. Levy was Chairman, and the reporting of Dr. Midyett to the National Practitioners Data Base. It contained numerous allegations of what Dr. Levy knew or reasonably should have known as a person in his position as the "Professional Standards Board Chairperson." In the present case, the Complaint contains numerous allegations regarding what Dr. Levy knew or reasonably should have known as the Chairperson of the PSB; actions Dr. Levy should have taken as Chairperson; and actions of the Board. Basically, Plaintiff is challenging the peer review process and proceedings, as well as his termination.

Plaintiff claims that Midyett I was based on state tort law, and that none of the allegations were based upon federal law. However, a review of Plaintiff's complaint in Midyett I indicates otherwise, as violations of the No FEAR Act, the WPA, the Family Medical Leave Act, and discrimination based upon his status as a veteran were alleged. Although the labels Plaintiff uses are different in the present case, the same underlying facts and occurrences are the basis for the claims in both

-9-

cases, and  the wrong for which Plaintiff seeks redress is the same in both cases - i.e. that the hearing process was conducted improperly and that termination of Plaintiff's employment was wrongful.  Midyett II is nothing more than an attempt to apply different legal labels to the facts. See Sendi v. NCR Comten, Inc., 624 F.Supp. 1205, 1206 (E.D. Pa. 1986).  Accordingly, the Court believes res judicata precludes Plaintiff's "relitigation of a claim on grounds that were raised or could have been raised in the prior action." Followell v. United States, 532 F.2d 707, 708 (8th Cir. 2008)(quoting from Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990).

Even though the Court believes this action is precluded by res judicata, it will nevertheless address alternative theories for dismissal, as presented by Defendant. Accordingly, even if res judicata did not apply, the Court believes Plaintiff's causes of action would be dismissed for the following reasons.

**V.   28 U.S.C. § 2676:**

28 U.S.C. § 2676 provides:

> The judgment in an action under section 1346(b)
> of this title shall constitute a complete bar to
> any action by the claimant, by reason of the same
> subject matter, against the employee of the
> government whose act or omission gave rise to the
> claim.[4]

In Midyett I, regarding the tort claims, the district judge

---

[4] 28 U.S.C.§ 1346 relates to actions against the United States as a defendant.

-10-

found that Plaintiff had failed to exhaust his administrative remedies under the Federal Tort Claims Act, and that his tort claims relating to the VA hospital were therefore subject to dismissal.   It has been held that if a plaintiff elects to pursue a remedy under the FTCA to judgment, "he risks dismissal of any <u>Bivens</u> claim if the <u>Bivens</u> claim arises from 'the same subject matter' and is against the same 'employee whose act or omission gave rise to the claim.'" <u>Sanchez v. McLain</u>, 867 F.Supp.2d 813, 817 (S.D.W.Va. 2011)(internal citations omitted). "This is true whether the FTCA claim is brought before or after the <u>Bivens</u> claim," or "if both claims are brought in the same suit." <u>Id.</u>   Thus, the dismissal of the tort claims by the district judge in <u>Midyett I</u> precludes Plaintiff from alleging a <u>Bivens</u> claim in this case, which will be more fully discussed below.

**VI.      HCQIA Claim:**

The Court believes that the essence of Plaintiff's claims fall into the category of violations of the Health Care Quality Improvement Act of 1986 (HCQIA), as he claims he was not given the opportunity to be heard at the peer review meeting or have a meaningful name-clearing hearing. However, in <u>Wayne v. Genesis Medical Center</u>, 140 F.3d 1145 (8th Cir. 1998), the Eighth Circuit concluded that it could find "no bases in the express language of the HCQIA for concluding that it affords such a private cause

-11-

of action." Id. at 1147. The Court joined the Tenth and Eleventh Circuits in concluding "that the HCQIA does not explicitly or implicitly afford aggrieved physicians a cause of action when a hospital fails to follow the HCQIA's prescribed peer review procedures." Id. at 1148.

Accordingly, the Court believes that Plaintiff's claims under the HCQIA should be dismissed.

**VII.      29 U.S.C. § 621:**

Plaintiff asserts a cause of action under 29 U.S.C. § 621, the Age Discrimination in Employment Act.  However, Plaintiff has given no facts in his complaint upon which such a claim could lie, and simply makes this conclusory allegation. Accordingly, the Court believes that Plaintiff's cause of action under 29 U.S.C. § 621 should be dismissed.

**VIII.      Title VII claims:**

With respect to Plaintiff's claims of discrimination under Title VII on the basis of being a Native American and a veteran, as indicated earlier, the complaint should be read as a whole, not parsed piece by piece, to determine whether each allegation, in isolation, is plausible, and the Court evaluates Plaintiff's complaint by drawing on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950; Braden, 588 F.3d at 594.

First, from a procedural perspective, the only appropriate defendant in a Title VII suit filed under Section 717(c) of

-12-

Title VII of the Civil Rights Act of 1964, as amended, is the head of the department, agency or unit. Hicks v. Brown, 929 F.Supp. 1184, 1189 (E.D. Ark. 1996). Defendant asserts that Dr. Levy is not head of the U.S. Department of Veterans Affairs. In response, on July 17, 2014, Plaintiff filed a "Declaration of Carole D. Sexton for Service by Certified Mail Pursuant to F.R.C.P. 4 upon Defendant Acting Secretary of Department of Veterans Affairs." (Doc. 55). In said document, Plaintiff's attorney alleged she mailed the complaint and attachments to Mr. Sloan Gibson, Acting Secretary of the U.S. Department of Veterans Affairs. It appears that this mailing occurred on July 7, 2014 and was received on July 11, 2014. The complaint in this matter was filed on January 14, 2014. Plaintiff does not name as defendant in this case the head of the VA department. Accordingly, Plaintiff's mailing of the complaint to the Acting Secretary of the U.S. Department of the VA does not cure the omission. The head of the department, agency or unit is still not named as a Defendant in this matter.

Additionally, in his somewhat rambling complaint, Plaintiff merely states that he was a Viet Nam veteran, a Native American, and over 40 years old. The only other reference to being discriminated against for these reasons was the conclusory statement that Defendant Levy "has not treated any non-Native American in the same or similar manner." (Doc. 1 at p. 15). The

-13-

Court believes that reading the complaint as a whole, Plaintiff's Title VII claims based upon veteran status and Native American status should be dismissed as conclusory.

## IX.      Bivens Claim:

Plaintiff claims that his due process rights were violated because he was not given the "opportunity to be heard at a meaningful time and in a meaningful manner" and was not given a "meaningful 'name clearing' hearing other than the PSB." It is unclear on the face of the complaint whether Plaintiff is making a Bivens-style claim. "In a paradigmatic Bivens action, a plaintiff seeks to impose personal liability upon a federal official based on alleged constitutional infringements he or she committed against the plaintiff." Morris v. McHugh, Civ. No. 13-00182, 2014 WL 467298 at *10 (D. Hawaii, April 7, 2014)(quoting Consejo de Desarrolo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).

A Bivens action "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." Morris. 2014 WL 467298 at *10. Therefore, to the extent Plaintiff relies on a Bivens-style claim against Defendant in his official capacity, the Court believes that Plaintiff's claim is merely another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. Id. at *10.

-14-

To the extent Plaintiff is asserting a <u>Bivens</u> claim against Defendant in his personal capacity, the Court is of the opinion that this claim must also fail. As noted earlier, Plaintiff's allegations of constitutional violations is based upon his position that Defendant did not properly follow certain procedures by not being given the opportunity to be heard and to have a name-clearing hearing. However, the Court believes Plaintiff is attempting to frame this as a <u>Bivens</u> claim when in fact it is just another way of arguing that the protections afforded under the HCQUI, as well as under the Civil Service Reform Act (CSRA), were violated. It is not disputed that Defendant Levy is a federal employee, covered by the CSRA. In fact, Plaintiff states in his response that his "Whistleblower Case under Docket No. DA-1221-12-0554-W-2 with the United States of America Merit Systems Protection Board, Washington Regional Office, styled Allan Midyett v. Department of Veterans Affairs now pending merely goes to motivating factor." (Doc. 59 at p. 6). "An exclusive remedial regime such as the CSRA may neither be supplemented nor replaced by other remedies." <u>Gergick v. Austin</u>, 997 F.2d 1237, 1239 (8th Cir. 1993), <u>cert. denied</u> 511 U.S. 1029 (1994).

In <u>Phillips v. Suvalsky</u>, Civ. No. 06-406 (JMR/RLE), 2008 WL 5401659 at *13 (D. Minn., Dec. 22, 2008), involving a suit against the Acting Co-Chair and Co-Chair and Patient Behavior

-15-

Committee of the Veterans Administration Medical Center, Plaintiff asserted violations of his rights to Due Process and Equal Protection of the law and sought "an order 'directing the dissolusionment[sic] of the Patient Behavior Committee,' 'a retraction of the letters of 12 Oct. and 8 Nov. 2005 with a written apology,' and $10,000.00 in damages from each named Defendant." Id. at *3. The court noted that Plaintiff's complaint centered upon the behavioral flag which was placed in Plaintiff's medical records. The court in Phillips considered whether Plaintiff could assert any constitutional claim, pursuant to Bivens. The court stated:

> As noted, the Plaintiff alleges that the Defendants violated his right to due process and equal protection of the law. As the Defendants observe, "[a]t core, this lawsuit complains that the behavioral flag entered into Plaintiff's medical record in November, 2005 was unfounded, inaccurate and damaging." Defendants' Memorandum in Support, supra at 8. As a result, the Defendants contend that the Bivens action necessarily fails, for lack of subject matter jurisdiction, because the Privacy Act provides a comprehensive remedial scheme for the Plaintiff's alleged harm, even to the extent that he invokes a violation of his constitutional rights. Id. at 12-15., quoting, in part, Public Law No. 93-579, Section 2, 88 Stat. 1896 (December 31, 1974)(citing Congress' findings that individuals right to due process, privacy, and other legal protections, may be affected by the use and misuse of information which is maintained by Federal Agencies).
>
> As here pertinent, "Bivens actions are implied causes of action for damages against government officials for constitutional violations where Congress has not specifically provided for such a remedy." Carpenter's Produce v. Arnold, 189 F.3d 686, 687 (8th Cir. 1999). However, the Supreme Court's decisions preclude the

-16-

> employment of a <u>Bivens</u> action, where a suitable avenue
> of other recourse is available to the claimant.
> Accordingly, "[t]he Supreme Court has allowed Bivens
> actions only in the absence of '"special factors
> counselling hesitation in the absence of affirmative
> action by Congress[.]"'" <u>Id.</u>, quoting <u>Schweiker v.
> Chilicky</u>, 487 U.S. 412, 423, 108 S.Ct. 2460, 101
> L.Ed.2d 370 (1988), quoting in turn <u>Bivens</u>, <u>supra</u> at
> 396.

<u>Id.</u> at *11-12.

The Court in <u>Phillips</u> then addressed the history of cases addressing the possible extension of the scope of <u>Bivens</u>, and concluded that Plaintiff's allegations did not support the creation of a <u>Bivens</u> action, as Plaintiff's allegations solely implicated the rights and remedies which were protected by the Privacy Act. <u>Id.</u> at *13. In this case, the Court believes that Plaintiff's allegations solely implicate the rights and remedies which are protected by the CSRA, and do not support the creation of a <u>Bivens</u> action.

The Court also repeats its earlier finding that based upon 28 U.S.C. § 2676, any "<u>Bivens</u>'" claim would be barred under 28 U.S.C. § 2676. <u>Sanchez</u>, 867 F.Supp.2d at 817 (if a plaintiff elects to pursue a remedy under the FTCA to judgment, "he risks dismissal of any <u>Bivens</u> claim if the <u>Bivens</u> claim arises from 'the same subject matter' and is against the same 'employee whose act or omission gave rise to the claim.'").

**X.      NO FEAR ACT:**

As the district judge found in <u>Midyett I</u>, no private right

-17-

of action arises under the No FEAR Act. <u>Glaude v. United States</u>, 248 Fed.Appx. 175, 177 (C.A. Fed. 2007) <u>cert. denied</u> 553 U.S. 1099 (2008); <u>Cooper v. Department of Army</u>, No. 4:13CV3086, 2013 WL 6631618 at *5 (D. Neb., Dec. 17, 2013). Accordingly, Plaintiff's claim under the No FEAR Act should be dismissed.

**XI.    WPA CLAIMS:**

The district judge also addressed whether Plaintiff may bring his claims against Defendant under the WPA, stating that claims under the WPA must be asserted within the framework of the CSRA, and that the same is true for claims under 5 U.S.C. § 2302, citing <u>Gergick v. Austin</u>, 997 F.2d 1237, 1239 (8th Cir. 1993); <u>United States v. Fausto</u>, 484 U.S. 439, 455 (1988). "The CSRA is comprehensive and is intended to balance the right of federal employees to obtain redress for employment-related grievances against the interest in promoting an efficient civil service." <u>Ketchum v. U.S. Dept. of Trans.</u> 672 F.Supp. 450, 452 (D. Nev. 1987). The CSRA therefore preempts those claims made by Plaintiff which are based on his alleged unlawful discharge by the WPA.

**XII.    HIPAA VIOLATIONS:**

There is no private right of action for violating HIPAA. <u>Dodd v. Jones</u>, 623 F.3d 563, 569 (8th Cir. 2010); <u>Adams v. Eureka Fire Protection Dist.</u>, 352 Fed. Appx. 137, 138 (8th Cir. 2009); <u>Austin v. Mitchell</u>, No 2:12-CV-00189 BSM HDY, 2012 WL 5077621

(E.D. Ark., Sept. 28, 2012)(report and recommendation). Accordingly, Plaintiff's HIPAA claims should be dismissed.

**XIII.     REGULATORY VIOLATIONS:**

Plaintiff also alleges violations of certain federal regulations, such as 5 C.F.R. § 2635.101, which relate to basic obligations of public service; 5 C.F.R. 735.203, which relate to restrictions on employee conduct prejudicial to the Government; and 29 C.F.R. § 1614.101, which sets forth labor relations general policy. The Court believes these are further attempts to create a <u>Bivens</u> cause of action in a case where the CSRA provides the remedy. <u>See Myers v. Koenings,</u> Civ.No. 13-3642(PAM/JJK), 2014 WL 3687111 at *4 (D. Minn., July 24, 2014); <u>Kennedy v. Blankenship</u>, 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, Plaintiff's claims of violations of certain federal regulations should be dismissed.

**XIV.     CONCLUSION:**

Based upon the foregoing, the Court hereby recommends that Defendant's Motion to Dismiss Plaintiff's Complaint be granted and Plaintiff's complaint be dismissed.[5]

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

---

[5]In the original Report and Recommendation, the Court inaccurately recommended that Defendant's Motion to Dismiss Plaintiff's Complaint be dismissed. The Court meant to say that Defendant's Motion to Dismiss Plaintiff's Complaint be granted and Plaintiff's complaint be dismissed.

-19-

may result in waiver of the right to appeal questions of fact.
The parties are reminded that objections must be both timely and
specific to trigger de novo review by the district court.

DATED this 25th day of November, 2014.


/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-20-