IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

F. ALLAN MIDYETT, M. D.                                              PLAINTIFF

V.                              NO. 14-5016

ROBERT LEVY, M.D., INDIVIDUALLY, AND
IN HIS OFFICIAL CAPACITY AS CHAIRMAN,
PROFESSIONAL STANDARDS BOARD VA OF THE
OZARKS                                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Request for Preliminary Injunction **(Doc. 61)** which has been referred to the undersigned for report and recommendation. Defendant has filed a response to the motion. (Doc. 63). The Court recommends the Request for Preliminary Injunction be denied for the following reasons:

1. On November 25, 2014, the undersigned filed an Amended Report and Recommendation, recommending that Defendant's Motion to Dismiss Plaintiff's Complaint be granted and Plaintiff's complaint be dismissed. (Doc. 66). In that recommendation, the undersigned addressed the claims presented by Plaintiff in his complaint, and determined they should be dismissed based upon *res judicata*, or alternatively, because: 28 U.S.C. § 2676 precludes Plaintiff from bringing a Bivens claim; HCQIA (42 U.S.C. § 11112) creates no private cause of action; Plaintiff stated no facts upon which a cause of action under 29 U.S.C. § 621

-1-

could lie; Plaintiff failed to file his Title VII claims against the appropriate defendant, and failed to give facts supporting his Title VII claims based upon veteran status and Native American status; Plaintiff's Bivens claims could not be brought; no private right of action arises under the No FEAR Act; the CSRA preempts Plaintiff's claims based on his alleged unlawful discharge by the WPA; there is no private right of action for violating HIPAA; and the CSRA provides the remedy for Plaintiff's allegation that certain federal regulations were violated. (Doc. 66).

2. In the Request for Preliminary Injunction, Plaintiff again complains that Defendants violated Plaintiff's rights under 42 U.S.C. § 1112 (HCQIA), and 5 U.S.C. § 7114(c)(3), which relates to Government Organization and Employees.

3. In determining whether to grant a preliminary injunction, the Court is required to consider four factors: (1) a reasonable likelihood of Plaintiff's success on the merits; (2) irreparable harm to Plaintiff if an injunction is not granted; (3) the balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest. Sciele Pharma Inc. v. Lupin Ltd., 684 F.3d 1253, 1259 (Fed. Cir. 2012); see also, Winter v. National Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). As noted by Defendant, "[a]lthough the factors are not applied mechanically, a movant must establish the existence of both of the first two factors to be entitled to a preliminary injunction." Altana Pharma AG v. Teva Pharm. USA, Inc., 566 F.3d 999, 1005 (Fed. Cir. 2009). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2nd ed. 1995)(emphasis added; footnotes omitted).

AO72A
(Rev. 8/82)

4. Applying the factors to the present case, it is clear that Plaintiff has failed to meet his burden of showing the likelihood of success on the merits. In fact, as indicated earlier, the undersigned has recommended that his complaint be dismissed for a number of reasons, and technically, Plaintiff's Request for Preliminary Injunction could therefore be denied as moot. Plaintiff's arguments in his request for preliminary injunction continue to relate to the alleged violation of constitutional rights he contends occurred during the hearing process, which this Court addressed in its Amended Report and Recommendation relating to Defendant's Motion to Dismiss.

5. With respect to whether Plaintiff will suffer irreparable harm, in his Complaint, Plaintiff seeks damages for loss of income and fringe benefits, damages for humiliation, pain, suffering, physical distress, emotional distress, loss of reputation, punitive damages, costs and attorney's fees, and injunctive or equitable relief.  Defendant states that Plaintiff is also seeking reinstatement of his position, back pay effective January 21, 2012, and removal of all adverse reports. The Court does not believe that Plaintiff has made a showing that Defendant's actions have resulted in such irreparable harm that it could not be remedied monetarily.

6. Plaintiff has also failed to show that the balance of hardships tip sharply in his favor, or that public interest would be adversely affected if a preliminary injunction is not granted.  In fact, Defendant points out in his response that according to the North Carolina Medical Board website, Dr. Midyett still has an active medical license, and is still able to practice medicine.

Based upon the foregoing, the Court recommends Plaintiff's Motion for Preliminary Injunction be denied.

7. Accordingly, the Court recommends that **Plaintiff's Motion for Preliminary**

AO72A
(Rev. 8/82)

**Injunction ( Doc. 61) be denied as moot, or alternatively, for failure to meet the four factors to be considered in determining a request for preliminary injunction.**

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**