IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

F. ALLAN MIDYETT, M.D.                                                      PLAINTIFF

V.                          CASE NO. 5:14-CV-05016

ROBERT LEVY, M.D., INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN,
PROFESSIONAL STANDARDS BOARD VA OF THE OZARKS    DEFENDANT

ORDER

Currently before the Court is the Amended Report and Recommendation ("R & R") (Doc. 66) filed on November 25, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. In the R & R, the Magistrate recommends that Defendant Robert Levy's Amended Motion to Dismiss (Doc. 56) be granted and the Complaint dismissed pursuant to the doctrine of *res judicata*. The Court has reviewed the entire case *de novo* in light of the objections filed by Plaintiff F. Allan Midyett, M.D. on December 6, 2014 (Doc. 68) and finds that the objections offer neither law nor fact to warrant deviating from the Magistrate's well-reasoned recommendation.[1] Accordingly, for the reasons explained herein, the R & R will be **ADOPTED IN ITS ENTIRETY**.

Although the Magistrate recommends that the lawsuit be dismissed due to the application of *res judicata*, she also addresses Midyett's substantive claims and offers alternative grounds for dismissal, should the Court disagree that *res judicata* applies. In

---

[1] Midyett points out in his objections that all parties "have not consented to a Magistrate Judge exercising jurisdiction." (Doc. 68, p. 26). The consent of the parties is not required when a district court refers a pre-trial matter to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B).

reviewing Midyett's objections, it is clear that he fails to address and object to the Magistrate's findings and conclusions regarding *res judicata*. Instead, his objections focus on the merits of his claims and his disagreement with the Magistrate's alternate recommendation that the claims be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). The Court finds, therefore, that Midyett does not object to the following findings made by the Magistrate: (1) Midyett's earlier-filed case, 5:12-CV-05184 ("*Midyett I*"), involving the same parties as the case at bar, resulted in a final judgment on the merits; (2) *Midyett I* was based on proper jurisdiction; and (3) both *Midyett I* and the instant action arose from the same nucleus of operative facts—namely, that Midyett was allegedly terminated from the VA hospital where he was employed in violation of his rights, and the administrative hearing related to his termination was conducted improperly.

Reading Midyett's objections as broadly as possible, the Court has identified a single sentence—buried in the 27 pages of objections—that could indicate a possible challenge by Midyett to the Magistrate's finding that *Midyett I* and the current case arose from the same nucleus of operative facts. Midyett points out, without further explanation or argument, that "[t]here is no mention in the Order [of dismissal] dated October 29, 2012 in Midyett I of the ADEA ["Age Discrimination in Employment Act"] or of 29 USC 621 et seq." (Doc. 68, pp. 19-20).[2] The Court takes from Midyett's statement that he may dispute

---

[2] This claim is false. A careful review of Judge Jimm Larry Hendren's order of dismissal in *Midyett I* reveals that he found "a nascent Title VII claim in the Complaint from (a) the assertion on page 6 that Midyett filed an EEO complaint against the Chief of Radiology for failure to accommodate a disability, harassment, hostile work environment, **age** and sex **discrimination**, and retaliation, and (b) the assertion on page 7 that Levy acted *in pari delicto* with the Chief of Radiology." See 5:12-CV-05184, Doc. 36, p. 5 (emphasis added).

that *res judicata* applies because the causes of action pleaded in *Midyett I* and the instant case are not identical.

The Eighth Circuit has previously explained that *res judicata* will bar a party "from suing on a claim that is in essence the same as a previously litigated claim but is dressed up to look different. Thus, where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." *Lane v. Peterson*, 899 F.2d 737, 744 (8th Cir. 1990). Here, Midyett has set forth in his Complaint the same operative facts and same allegedly wrongful conduct by Defendant as were pleaded in *Midyett I*. He cannot "dress up" his previously dismissed case and pass it off as something new by citing to new theories of recovery.

**IT IS THEREFORE ORDERED** that the Magistrate's Amended Report and Recommendation (Doc. 66) is **ADOPTED**, and Defendant Levy's Amended Motion to Dismiss (Doc. 56) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE** pursuant to the doctrine of *res judicata*.

**IT IS FURTHER ORDERED** that, in light of the dismissal of this case, Magistrate Judge Setser's recommendation (Doc. 69) that Plaintiff Midyett's Request for Preliminary Injunction (Doc. 61) be denied as moot is also **ADOPTED**. The Request for Preliminary Injunction (Doc. 61) is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 13th day of July, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE