IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


F. ALLAN MIDYETT, M.D.                                    PLAINTIFF


V.                              NO. 14-5016


ROBERT LEVY, M.D. Professional
Standards Board VA of the Ozarks                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion Pursuant to Fed.R.Civ.P. 60(b). (Doc. 75). In response, Defendant filed a Motion to Strike Plaintiff's Rule 60(b) motion, along with a supporting brief, and Plaintiff filed a reply thereto. (Docs. 76-78). The Court will treat Defendant's motion as a response to Plaintiff's Rule 60(b) motion, and for the following reasons, the Court recommends that Plaintiff's Rule 60(b) motion be denied.

**I. History:**

The history of this case, Case No. 14-5016 (**"Midyett II"**), and the prior case, Case No. 12-5184 (**"Midyett I"**), is set forth in the undersigned's Amended Report and Recommendation, entered on November 25, 2014, in **Midyett II,** (Doc. 66), which was adopted by the Honorable Timothy L. Brooks on July 13, 2015. (Doc. 73). A Judgment dismissing **Midyett II** with prejudice, pursuant to the doctrine of res judicata, was entered on July 13, 2015. (Doc. 74). The history of the two cases was explained in the Amended Report and Recommendation as follows:

**A. Case No. 14-5016 (Midyett II):**

Plaintiff was employed as a radiologist at the Veterans Health Care System of the Ozarks on November 21, 2011, subject to a two year probationary period. (Doc. 1-15). Plaintiff was discharged from his employment on April 6, 2012, by letter dated March 19, 2012. (Doc. 1-15). Said letter indicated the reason for the separation and subsequent revocation of privileges resulted from "substandard care and that you cannot perform the full range of your position as Radiologist." (Doc. 1-15). The letter continued to advise Plaintiff that he would receive information via a separate notice regarding his opportunity for a fair hearing and appeal to determine whether the reason(s) for the revocation of his privileges should be reported to the National Practitioner Data Bank (NPDB) in accordance with the VHA Handbook. (Doc. 1-15). Plaintiff in essence contends that the hearing process was conducted improperly and that his termination was unlawful.

On January 14, 2014, Plaintiff filed the present case, asserting claims against Defendant Robert Levy, in his individual and official capacity, as Chairman of the Professional Standards Board VA of the Ozarks (PSB), to "redress violations of 42 U.S.C. 11112,[1] 42 U.S.C. 2000e et seq., 29 U.S.C. § 621 et seq., 5 U.S.C. 7114(c)(3), 5 CFR § 2635.101, 5 CFR 735.203, 20 CFR 1614.101." (Doc. 1). Plaintiff asserts in paragraph 10 of the complaint that he is an "enrolled member of the Cherokee Nation of Oklahoma" as well as a "veteran of the Viet Nam[sic] Era" and is "over the age of 40 years." (Doc. 1 at p. 3). In paragraph 66 of the complaint, Plaintiff states that Defendant Levy acted to deprive Plaintiff, "a Native American male, over the age of 40 years of age, of his due process rights," and that Defendant violated the anti-retaliation provision of the Age Discrimination in Employment Act, the anti-retaliation provision of Title VII, and violation of the anti-retaliation policy of the Department of Veterans Affairs. (Doc. 1 at p. 13). In paragraph 75, Plaintiff states that "Defendant Levy has not treated any non-Native American in the same or similar manner" and has not participated in any other Professional Standards Boards in which "any non-Native American physician was treated in this same or similar manner." (Doc. 1 at p. 15).

After reading the 77 paragraph complaint in its entirety, the Court believes, in summary, that Plaintiff is alleging that Defendant's actions violated his due process rights; Title VII of the Civil Rights Act; the Age Discrimination in Employment Act; the Whistle-Blower Protection Act (WPA); the Notification and Federal Employee Anti-discrimination and Retaliation Act of 2002, 5 U.S.C. § 2301 (No FEAR Act); and 5  C.F.R. § 2635.101 and 20 C.F.R. § 1614.101.[2] (Doc. 1). Plaintiff essentially contends that the hearing process was

---

[1] 42 U.S.C. § 1112 provides for Standards for Professional Review Actions under the Health Care Quality Improvement Act (HCQIA).

[2] The Court believes Plaintiff intended to refer to 29 C.F.R. § 1614.101, which is a regulation relating to equal employment opportunities.

done improperly and his termination was wrongful. Plaintiff seeks damages, including punitive damages, attorneys fees, and injunctive relief.

### B. Case No. 12-5184 (Midyett I):

On July 12, 2012, Plaintiff filed a Complaint in State Court against Defendant Robert Levy (**Midyett I**), asserting the following causes of action: defamation, slander, libel, tortious interference with business expectancies, harassment, and willful violation of public laws and policies, and asked for immediate injunctive relief to immediately halt the malicious acts which were causing irreparable harm as well as compensatory, consequential, and punitive damages. In addition, Plaintiff asserted violations by Defendant of the No FEAR Act and the WPA. There was also reference to a violation of the Family Medical Leave Act and the Master Agreement by and between the Department of Veterans Affairs and the American Federation of Government Employees for 2011. Plaintiff also made reference to discrimination based upon his status as a veteran. The essence of that Complaint was that the Chief of Radiology at the VA hospital, where Plaintiff was employed, mistreated Plaintiff in various ways after Plaintiff allegedly pointed out some radiology errors. It also alleged that Dr. Levy, who served as Chairperson of the PSB, acted *in pari delicto* with the Chief of Radiology with regard to the Plaintiff's hearing before the PSB and the PSB's subsequent finding of substandard care by Plaintiff. The case was removed to federal court, and on September 18, 2012, the district judge denied Plaintiff's motion for remand, and substituted the United States of America for Defendant Levy on all state tort claims, and dismissed the state law tort claims with prejudice as to Defendant Levy, individually. On October 29, 2012, pursuant to Defendants' Motion to Dismiss All Claims Against Defendants Levy and the United States, the district judge found that no private right of action arises under the No FEAR Act; that claims under the WPA must be asserted within the framework of the Civil Service Reform Act (CSRA); that Plaintiff failed to exhaust administrative remedies on the state law tort claims; and that Plaintiff did not show factors needed to allow for injunctive relief. (No. 12-5184 at Doc. 36). The district judge granted the motion to dismiss all claims against Defendant Levy and against the United States.[3]

## II.   **Plaintiff's Contentions**:

In Plaintiff's motion now before the Court, Plaintiff appears to seek relief from the

Judgment entered on October 29, 2012, under Fed.R.Civ.P. 60(b)(1), (2), and (3). Although it

---

[3]The Court notes that Plaintiff filed three other complaints involving the same underlying facts, in a case against John Henley, Chief of Staff at the VA Hospital, and the United States of America, Case No. 12-5183; a case against the United States of America, Case No. 12-5187, and a case against Lisa Dahlgren, Medical Staff coordinator, Case No. 12-5188. In all four cases, on October 29, 2012, the district judge entered Orders of dismissal.

is very difficult to sort through Plaintiff's contentions, it appears that Plaintiff is relying on an affidavit of Defendant Robert Levy, dated August 9, 2012, that was filed as attachments in both **Midyett I** and **Midyett II**, alleging that the affidavit is "perjurious," constitutes "fraud," and "newly discovered evidence." The Affidavit described some of Defendant's duties at the VA, including being occasionally appointed to serve on Professional Standards Boards to evaluate healthcare providers or being appointed to a Fair Hearing Panel to provide due process rights to a physician prior to making a decision of reporting this physician to the National Practitioner Data Bank and state medical boards. (**Midyett I**, Doc. 17-2). Plaintiff now contends that in a subsequent sworn statement in the presence of two Department of Veterans Affairs (DVA) attorneys, Kent Smith and Lynne Ravellette, Defendant stated that when he made his August 9, 2012 affidavit, he had served on "zero" Fair Hearing Panels. Plaintiff attaches to his present motion Exhibit 2, which is entitled "Board Action," which was signed by Defendant on March 7, 2012, indicating that Defendant had served on a "Fair Hearing Panel." According to Plaintiff, this is evidence of "Robert Levy's continuing ongoing, hostile deceptive practice when he attempted to claim this was somehow other than what it is plainly labeled – 'Prof. Std. Board.'" (Doc. 75, p. 4, Doc. 75-1). Plaintiff therefore contends that Defendant's August 9, 2012 affidavit is a false statement, which "prevented and impeded Plaintiff from knowing the extent of his hostile work environment cause of action." (Doc. 75, p. 4). Plaintiff then cites the Court to case law relating to a hostile work environment, stating that one of his accepted EEO claims was for hostile work environment.

Plaintiff also contends that when Defendant refused to comply with the VHA Handbook and dismissed him from his employment, he was denied his 5th amendment

right to due process. (Doc. 75, p. 6). Plaintiff then spends several pages discussing why his due process rights were violated.

Plaintiff also refers to the affidavit of Gayle Sipes, staff attorney in the Office of Regional Counsel, Region 8, Department of Veteran Affairs, in North Little Rock, Arkansas, which was filed as attachments in both **Midyett I** and **Midyett II**, contending that her "statements made under penalty of perjury made in conflict with the law is either fraud or mistake or both." (Doc. 75, p. 2).  Plaintiff argues that Ms. Sipes' Declaration "violates both CFR and two VHA Handbooks." (Doc. 75, p. 5). Plaintiff contends that in Ms. Sipes' affidavit, she referred to VHA Handbook 100.19, Para. 6(k)(4), but that there is no relevant "Para.6(k)(4)" in VHA Handbook 100.19, and that there is a VHA Handbook 1100.19. (Doc. 75, p. 5). Plaintiff therefore contends that Ms. Sipes' statement is a false statement made under penalty of perjury. (Doc. 75, p. 6).

Plaintiff further contends that Ms. Sipes' statement that "at no time did she state to Dr. Midyett or Carol [sic] Diane Sexton that VHSO continued to retaliate and commit per se discrimination against Dr. Midyett," was an acknowledgement of prior retaliation and per se discrimination. (Doc. 75, p. 9).

Plaintiff also contends that Chief of Staff (COS) John Henley and facility director Mark Enderle "concealed the material fact that they had been named by a veteran for acts committed against that veteran after COS Henley had been put on notice by Plaintiff there was a problem with the hospital providing appropriate stroke care." (Doc. 75, p. 12). Plaintiff contends that any statements or acts by either Henley or Enderle are tainted by bias.

Plaintiff spends several pages discussing how he was subject to a hostile work environment and disparate treatment in favor of a white male radiologist. (Doc. 75, pp. 10-14). Finally, Plaintiff contends there is no evidence in the record that Plaintiff was allowed to know the charges against him sufficiently to be able to effectively respond to the charges before his dismissal.

**III.   Defendant's Contentions:**

Defendant contends that Plaintiff's Rule 60(b) motion was not timely filed, and that **Midyett II** was nothing more than the "same operative facts and same allegedly wrongful conduct by Defendant as were pleaded in **Midyett I**, and that Plaintiff cannot start the time running anew to file a Rule 60(b) motion by simply filing the same suit again and having it dismissed based upon res judicata." (Doc. 76, p. 4). Defendant states that even if the time did restart, Plaintiff's Rule 60(b) motion was not filed within a reasonable time. (Doc. 76, p. 4).

Defendant also contends that whether he had served on a Fair Hearing Panel at the time he signed the August 9, 2012 affidavit did not affect the Court's ruling and therefore, cannot be a basis for granting relief under Rule 60(b). (Doc. 76, p. 2).

Defendant argues that all of Plaintiff's allegations pertaining to EEOC claims, actions taken by the agency, failure of VA attorneys to take action, hostile work environment claims, violations of Title VII, actions of Chief of Staff John Henley, violations of due process, statements alleged to have been made by Kathryn Witztum, Step 2 Union Grievance, alleged actions taken by facility director Mark Enderle, and matters in the newspaper, have nothing to do with Plaintiff's claims against Defendant, and should be stricken.

IV.  **Applicable Law:**

Rule 60(b) provides, in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding under Rule 59(b); for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; …

"Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" Harley v. Zoesch, 413 F. 3d 866, 870 (8th Cir. 2005)(internal quotations omitted); Stavenger v. Jay Ryan Enterprises, Inc., Civil No. 07-3514 ADM/RLE, 2015 WL 1189817 at *2 (D. Minn. Mar.16, 2015); Box v. Ferrell, Case No. 1:00 CV0014 LMB, 2014 WL 348584 at *1 (E.D. Mo. Jan. 31, 2014). "'Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.'" In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863, 867 (8th Cir. 2007)(internal quotations omitted). "The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case, and it should not be used as a substitute for a timely appeal." Evans v. Hobbs, No. 1:11-CV-1005, 2014 WL 1030254 at *1 (W.D. Ark. Mar. 17, 2014)(citations omitted). "A district court has wide discretion in ruling on a Rule 60(b) motion" and "[a]n abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper

factor, or commits a clear error of judgment in weighing those factors." <u>In re</u> <u>Levaquin Products Liability Litigation</u>, 739 F.3d 401, 404 (8th Cir. 2014)(internal quotations omitted).   Rule 60(c) provides, in pertinent part:

> **(c) Timing and Effect of the Motion.**
>
> **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1),(2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

## V. Timeliness of Motion:

The Court first notes that by filing a Rule 60(b) motion in this case (**Midyett II**), Plaintiff is, in essence, seeking relief from the original judgment entered in **Midyett I**, which was entered on October 29, 2012. This is so because in **Midyett II**, Judge Brooks dismissed the case based upon <u>res</u> <u>judicata</u>. Plaintiff now appears to be seeking relief based on mistake, newly discovered evidence, and/or fraud, pursuant to Rule 60(b)(1)-(3). As stated above, such motions must be filed no more than one year after entry of the judgment or order or date of the proceeding. As Defendant aptly states, "[i]f a party could avoid the one-year time period provided by Rule 60(c)(1) by simply refiling a new complaint that is in essence the same as the previously litigated claim and then file a Rule 60(b) motion after the new suit is dismissed based upon <u>res</u> <u>judicata</u>, Rule 60(c)(1) would essentially be eliminated." (Doc. 77, pp. 2-3). Plaintiff had until October 29, 2013, to file his Rule 60(b) motion for reconsideration of the dismissal of his claims on the merits. Instead, Plaintiff filed another lawsuit, **Midyett II**, which, as indicated, was subsequently dismissed based upon <u>res</u> <u>judicata</u>. (Doc. 74). Plaintiff is now attempting to avoid the mandatory one-year time period by filing the 60(b) motion in **Midyett II**, which the district judge held contained nothing more

than the "same operative facts and same allegedly wrongful conduct" by Defendant as were pleaded in **Midyett I.** Plaintiff's Rule 60(b) motion was brought almost four years after entry of the original judgment from which he seeks relief. The Court believes Plaintiff's Rule 60(b) motion is, therefore, untimely.

Alternatively, if Plaintiff's motion is construed as filed under Rule 60(b)(4)-(6), said motion must be made within a reasonable time. Rule 60(b)(6).[3] "Reasonable time" depends on the circumstances surrounding the motion. Evans, 2014 WL 1030254 at *1 (citing Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004)). As noted by Defendant, in Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (8th Cir. 2006), the Court found that a party who waited more than eleven months to file his 60(b)(4) motion had not filed it within a reasonable time.

Finally, even if the Court were to find Plaintiff's Rule 60(b) motion was timely filed, Plaintiff has not presented sufficient evidence to constitute "exceptional circumstances," as the Court will more fully discuss below, and, as was the case in Evans, the Court believes Plaintiff's Rule 60(b) motion is an attempt to get a third bite at the apple by, in essence, "appealing this Court's dismissal for a third time." Id. at *2.

## VI.    Rule 60(b)(1) – Mistake, Inadvertence, Surprise, or Excusable Neglect:

Although Plaintiff mentions the term "mistake" in his motion when referring to Ms. Sipes' affidavit, Plaintiff fails to indicate how Rule 60(b)(1) applies in this case. Nevertheless, it is noteworthy that "[r]elief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment." Libertarian Party of South Dakota v. Krebs,

---

[3] Rule 60(b)(6) provides, in part, that the court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief, and must be made within a "'reasonable time.'"

No. 4:15-cv-04111-KES, 2016 WL 4540814 at *2 (D.S.D. Aug. 31, 2016)(citations omitted). "Rule 60(b)(1) 'does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous.'"  U.S. Commodity Futures Trading Comm'n v. Kratville, 796 F.3d 873, 896 (8th Cir. 2015)(quoting McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc. 298 F.3d 586, 595 (6th Cir. 2002)). Even if the Court were to find Ms. Sipes' statements did constitute "mistake," such finding would not constitute "exceptional circumstances" warranting relief under Rule 60b)(1).

**VII.** **Rule 60(b)(2) – Newly Discovered Evidence:**

To prevail on his argument that the information he references constitutes "newly discovered evidence," Plaintiff must establish "(1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." In re Levaquin, 739 F.3d at 404 (quoting Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000)).

The evidence Plaintiff has presented is at best, only cumulative and possibly impeaching. When Defendant signed his August 9, 2012 affidavit, he indicated he had not served on any "Fair Hearing Panels," but records reveal that he had taken "Board Action" on March 7, 2012. In addition, in the July 14, 2015 hearing before the EEOC, Defendant stated that since then, he had "chaired a second one." (Doc 76-1, p. 555). This does not constitute "newly discovered evidence" and is not contradictory. In addition, the information would not have produced a different result if the evidence had been presented in **Midyett I** or **Midyett II**. The same is true for the information relating to Ms. Sipes.

10

## VIII.   Rule 60(b)(3) – Fraud:

To prevail on his Rule 60(b)(3) claim, Plaintiff must show by "clear and convincing evidence" that Defendant engaged in fraud or other misconduct and that this conduct prevented Plaintiff from fully and fairly presenting his case. In re Levaquin, 739 F.3d at 404.

As stated above, Plaintiff has failed to present any evidence, let alone clear and convincing, that Defendant's affidavit was fraudulent. In addition, Plaintiff makes reference to the declaration of Gayle Sipes as falling within the category of fraud.  Plaintiff contends that in Ms. Sipes' affidavit, she referred to VHA Handbook 100.19, Para. 6(k)(4), but that there is no relevant "Para.6(k)(4)" in VHA Handbook 100.19, and that there is a VHA Handbook 1100.19. (Doc. 75, p. 5). Plaintiff contends this is a false statement made under penalty of perjury. (Doc. 75, p. 6). Plaintiff further contends that Ms. Sipes, by stating that "at no time did she state to Dr. Midyett or Carol [sic] Diane Sexton that VHSO continued to retaliate and commit per se discrimination against Dr. Midyett," that this was an acknowledgement of prior retaliation and per se discrimination. (Doc. 75, p. 9). Neither of these allegations falls within the purview of clear and convincing evidence that Ms. Sipes engaged in fraud. At most, it may constitute a mistake, which the Court has already addressed above, finding it nevertheless does not constitute "exceptional circumstances."

## IX.   Remaining Allegations:

Plaintiff's allegations relating to the EEOC hearing and claims, actions taken by the agency, failure of VA attorneys to take action, hostile work environment claims, violations of Title VII, actions of Chief of Staff John Henley, violations of due process, statements alleged to have been made by Kathryn Witztum, Step 2 Union Grievance, alleged actions taken by

11

facility director Mark Enderle, and matters in the newspaper, are, in the Court's opinion, nothing more than attempts by Plaintiff to "dress up" his previously dismissed case once again by setting forth various regulations, theories, possibilities, and conclusions. Plaintiff references the phrase "hostile work environment" in conjunction with the activities he believes warrants the granting of his Rule 60(b) motion. However, as noted by Judge Brooks in his Order adopting the undersigned's Amended Report and Recommendation, "where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." (**Midyett II**, Doc. 73, p.3)(quoting Lanes v. Peterson, 899 F.2d 737k, 744 (8th Cir. 1990).

Plaintiff's claims in his Rule 60(b) motion are clearly based on the same nucleus of operative facts as his claims in **Midyett I** and **Midyett II.**

## X.    Conclusion:

Based upon the foregoing, the undersigned believes that Plaintiff's Rule 60(b) motion is untimely. Alternatively, the undersigned believes that all of Plaintiff's arguments do not meet the "exceptional circumstances" requirement of rule 60(b), and that Plaintiff's motion should be denied. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to**

**trigger de novo review by the district court.**

IT IS SO ORDERED this 17th day of January, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE