IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

F. ALLAN MIDYETT, M.D.                                          PLAINTIFF

V.                        CASE NO. 5:14-CV-05016

ROBERT LEVY, M.D., INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN,
PROFESSIONAL STANDARDS BOARD VA OF THE OZARKS     DEFENDANT

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 80) filed on January 17, 2017, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. In the R&R, Judge Setser thoroughly reviews the rather complex procedural history of this case, and then recommends that the Court deny Plaintiff F. Allan Midyett, M.D.'s Motion made pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 75), for relief from a final judgment. Midyett filed Objections to the R&R on January 27, 2017. *See* Doc. 81. The Court has now reviewed the complete briefing on the Motion (Docs. 75-78) and has examined all issues *de novo* in light of Midyett's objections. Upon review, it is clear that Midyett's objections offer neither law nor fact to warrant deviating from the Magistrate Judge's well-reasoned recommendation, and therefore, the R&R will be adopted and the Motion denied.

Rule 60(b) provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). The Rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806

F.2d 805, 806 (8th Cir. 1986). Moreover, Rule 60(c) requires that a motion made under Rule 60(b) be "made within a reasonable time . . . and no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As Judge Setser recounted in her R&R, the claims in this case were originally filed in Case Number 5:12-CV-05184 ("*Midyett I*"), and then were essentially re-filed in the instant case ("*Midyett II*"). *Midyett I*, which involved the same parties as in the case at bar, resulted in a final judgment on the merits. See Doc. 74. The case concerned Midyett's allegations that he was terminated from the VA hospital where he was employed, in violation of his rights, and that the administrative hearing related to his termination was conducted improperly. After *Midyett I* was dismissed, *Midyett II* was filed. The Court in its Order dismissing *Midyett II* noted that the doctrine of *res judicata* applied, as Midyett had "set forth in his Complaint the same operative facts and same allegedly wrongful conduct by Defendant as were pleaded in *Midyett I*." (Doc. 73, p. 3). Accordingly, the Court found that Midyett could not "'dress up' his previously dismissed case and pass it off as something new by citing to new theories of recovery." *Id.*

*Midyett II* was dismissed on July 13, 2015. Midyett filed the instant Rule 60(b) Motion a little less than a year later, on July 11, 2016. The R&R sets forth in detail the reasons Midyett offers as to why he now seeks relief from the Court's Judgment. In response, Defendant Robert Levy argues that since the case was dismissed due to *res judicata* principles relating back to *Midyett I*, any Rule 60(b) motion should have been filed within one year of the *Midyett I* Judgment. See Doc. 77, p. 2. Instead, Midyett chose not to do that, but instead filed a new case, *Midyett II*. The Court agrees with Levy and the

2

Magistrate Judge that the Rule 60(b) Motion is untimely, as it should have been filed within one year of final judgment in *Midyett I*. Instead, Midyett attempted a second bite at the apple by filing *Midyett II*, and then, when he did not prevail, he attempted a third bite at the apple by filing this Rule 60(b) Motion almost a year after *Midyett II* was dismissed. Despite the Court's view that the Motion may be dismissed due to untimeliness, the Court has also reviewed the substance of the Motion and finds, in the alternative, that it should be dismissed on the merits.

As previously explained, relief from final judgment is only appropriate when there is evidence of mistake, inadvertence, surprise, inexcusable neglect, newly discovered evidence, or fraud committed by an opposing party. Rather than cite to evidence supporting any of these bases for relief, Midyett attempts to re-litigate *Midyett I* and *II* by: (1) referencing a non-party's affidavit that was filed of record in both *Midyett I and II*, and claiming now that it is false and constitutes "fraud or mistake or both" (Doc. 75, p. 2); (2) referencing a party's affidavit that was filed of record in both *Midyett I and II*, and claiming now that it is "newly discovered evidence," *id.*; (3) asserting that Midyett has not yet "been provided any reasonable opportunity to challenge the veracity of any statement alleged against him by Defendant, by witness confrontation, by any type of discovery, and make a defense to these allegations," *id.* at p. 10; and (4) alleging that "new evidence" exists in the form of a litany of facts that were asserted in *Midyett I and II*, which allegedly prove that Midyett was discriminated against, subjected to a hostile work environment, and then dismissed in violation of his due process rights, *id.* at pp. 11-15.

In reviewing Midyett's substantive bases for Rule 60(b) relief, Judge Setser found that none of them constituted mistake, inadvertence, surprise, inexcusable neglect, newly

3

discovered evidence, or fraud—and the Court agrees. The evidence Midyett cites in his Motion is either not new evidence, or else is evidence that does not clearly and convincingly show that Levy engaged in fraud or other misconduct that prevented Midyett from fully and fairly presenting his case. *See In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (finding that in order to prevail under Rule 60(b), the evidence presented must be "clear and convincing"). Midyett's Objections fail to address the R&R's analysis or conclusions with any specificity, and instead become a platform for revisiting the claims he asserted against Levy in *Midyett I* and *II*. In sum, none of the bases for relief that Midyett relies on in his Motion constitute an exceptional circumstance justifying relief from the Judgment. As Judge Setser observed in the R&R, "'[t]he purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case, and it should not be used as a substitute for a timely appeal.'" (Doc. 80, p. 7 (quoting *Evans v. Hobbs*, 2014 WL 1030254, at *1 (W.D. Ark. Mar. 17, 2014))).

**IT IS THEREFORE ORDERED** that Midyett's objections are **OVERRULED**. The Magistrate Judge's R&R (Doc. 80) is **ADOPTED IN ITS ENTIRETY**, and the Motion for Rule 60(b) relief (Doc. 75) is **DENIED**.

**IT IS SO ORDERED** on this 17th day of February, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE